UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN MARCOS-CHAVELA,<br><br>                  Plaintiff,<br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | Case No. C23-876 TLF<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

       Plaintiff Susan Marcos-Chavela, unrepresented by counsel, is seeking judicial review of a reduction in her Supplemental Security Income (SSI) benefits. Dkt. 6. Before the Court is the Commissioner's motion to dismiss Plaintiff's complaint, under Federal Rule of Civil Procedure 12(b)(1), for failure to exhaust administrative remedies, and 12(b)(6), for failure to state claim. Dkt. 18. The parties have consented to the jurisdiction of the Magistrate Judge. Dkt. 4, Dkt. 8.

       Plaintiff did not respond to the Commissioner's motion. Based on the Commissioner's motion and supporting papers, the governing law, and the balance of the record, the Court GRANTS the Commissioner's motion to dismiss. Plaintiff's complaint is dismissed without prejudice.

I.    PROCEDURAL HISTORY

       On May 29, 2023, the agency sent Plaintiff a notice that her SSI payments would be lowered from $593.00 to $0.00 because she had not applied for and taken the

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 1

necessary steps to obtain other benefits or payments for which she might qualify. *See* Dkt. 18-1 (Declaration of Yeng Starks) at ¶3. The notice advised Plaintiff to appeal within 60 days if she disagreed with the decision and provided instructions for doing so. *See id.* at ¶4. Plaintiff did not file an appeal. *Id.* at ¶5.

On June 9, 2023, Plaintiff filed an application to proceed *in forma pauperis* and her complaint in which she seeks judicial review of the reduction in her SSI benefits. She further alleges the Commissioner engaged in gender discrimination. Dkt. 6.

## II.   DISCUSSION

### A. Standards

#### a. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the subject matter jurisdiction of the Court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court's inquiry turns on whether the operative "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While accepting as true a plaintiff's factual allegations at the initial responsive pleading stage, a court is not obligated to accept as true legal conclusions couched as factual allegations. *Id.*; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). When resolving a motion to dismiss for failure to state a claim, a court considers the contents of the complaint and material properly submitted with it. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

      b.  Social Security Exhaustion Requirement

  A claimant obtains the Commissioner's "final decision" qualifying for judicial review only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an administrative law judge (ALJ); and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a). After the Appeals Council rules on a claimant's request for review, the claimant may request judicial review in a federal district court. 20 C.F.R. §§ 404.981, 416.1481.

  A federal district court's review of claims arising under Titles II and XVI of the Social Security Act is limited, and may only occur after a "final decision" has been rendered by the Commissioner after a hearing before an ALJ. *See* 42 U.S.C. § 405(g); *Subia v. Commissioner of Social Security,* 264 F.3d 899, 902 (9th Cir.2001).

  A claimant's failure to exhaust her administrative remedies set forth in the Social Security Act deprives the district court of subject matter jurisdiction. *Bass*

- 3

1  *v. Social Security Administration,* 872 F.2d 832, 833 (9th Cir.1989). However, the district
2  court may waive a claimant's failure to exhaust administrative remedies and grant her
3  judicial review if she asserts a colorable constitutional claim. *Subia,* 264 F.3d at 902.
4        B. Plaintiff Failed to Exhaust Her Administrative Remedies.
5        Here, Defendant contends that the Court lacks jurisdiction because Plaintiff has
6  not completed all steps of the administrative review process. In support, Defendant has
7  submitted a declaration from Yeng Starks, a management analyst for the San Francisco
8  Center for Disability and Program Support, Social Security Administration. *See* Dkt. 18-
9  1. Mr. Starks declares that Plaintiff has not appealed the agency's action reducing her
10 SSI payments. *Id.* at ¶5. Further, Plaintiff has not furnished any evidence demonstrating
11 that she has in fact completed the administrative review process.
12       Accordingly, Plaintiff has failed to exhaust her administrative remedies, and the
13 Court lacks subject matter jurisdiction over Plaintiff's complaint. *See* 42 U.S.C. §
14 405(g); *Subia,* 264 F.3d at 902; *Bass,* 872 F.2d at 833.
15       While a court may waive the administrative exhaustion requirement if a claimant
16 asserts colorable constitutional claims, the mere assertion of a bare constitutional
17 violation without supporting allegations does not constitute a colorable constitutional
18 claim. *See Subia,* 264 F.3d at 902; *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th
19 Cir.2008). Here, Plaintiff alleges that she has experienced "continued gender
20 discrimination," but did not allege any facts to support that claim. If Plaintiff was
21 attempting to bring a gender discrimination claim under the United States Constitution,
22 without supporting facts, a conclusory allegation is insufficient to waive the
23 administration exhaustion requirements.
24
25

- 4

Similarly, to the extent Plaintiff was attempting to bring a gender discrimination claim under other federal or state law, Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because her allegation was conclusory and unsupported by facts.

### III.   CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim is GRANTED. Plaintiff's complaint be DISMISSED without prejudice.

Dated this 10th day of January, 2024.

Theresa L. Fricke
United States Magistrate Judge

- 5